854 F.2d 131
 129 L.R.R.M. (BNA) 2031, 48 Ed. Law Rep. 784
 William LOWARY & Sara Wyatt, Plaintiffs-Appellants,
v.
LEXINGTON LOCAL BOARD OF EDUCATION; Robert Whitney; Mark
Plotnick; Susan Umbarger; James Bollinger; Rick
Bell; and Helen Gilroy, Defendants-Appellees.
 No. 87-3023.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 10, 1987.
Decided Aug. 11, 1988.
 
 Glenn M. Taubman (argued), National Right to Work Legal Defense Foundation, Springfield, Va., James A. Calhoun, Calhoun, Benzin, Kademenos & Heichel, Mansfield, Ohio, for plaintiffs-appellants.
 Alexander M. Andrews (argued), Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, Ira J. Mirkin (argued), Green, Schiavoni, Murphy, Haines & Sgambati, Youngstown, Ohio, Lorne L. Braverman, Kathleen McManus, Columbus, Ohio, for defendants-appellees.
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs-appellants are non-union teachers employed by the defendant-appellee School Board. Another defendant-appellee, a union, is the exclusive bargaining representative for all the teachers employed by the School Board. The plaintiffs brought a civil rights action challenging the constitutionality of the union's agency fee collection procedures and sought to enjoin the collection of all agency fees pending a decision on the merits. The district court found that there was a strong likelihood that the union's procedures would be found constitutionally infirm due to the lack of advance notice of the rebate procedure and adequate information regarding the basis for the fee charged to non-union members. Therefore, the court decided to enjoin the collection of agency fees unless the School Board created an escrow account for placement of the fees, which it did. The plaintiffs appeal from the district court's failure to enjoin all collection of agency fees. We have recently held that no action can be taken to enforce a non-union member's duty to pay any dues until a plan providing the constitutionally required procedures set forth in Chicago Teachers Union Local No. 1 v. Hudson, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986), is in effect. Tierney v. City of Toledo, 824 F.2d 1497 (6th Cir.1987). Accordingly, we find that the district court abused its discretion by permitting the collection and placement of fees in an escrow account when it found that the procedures established to protect non-union members were likely to be found constitutionally insufficient in the subsequent action on the merits. Therefore, we reverse.
 
 I.
 
 2
 The plaintiffs-appellants, William Lowary and Sara Wyatt, are teachers employed by defendant-appellee, the Lexington Local Board of Education (School Board). Defendant-appellee, the Lexington Teachers Association (LTA), the teachers' union, is an affiliate of defendant-appellee the Ohio Education Association (OEA). The plaintiffs are not members of either of these organizations but are represented exclusively by the LTA for the collective bargaining purposes of Ohio Rev.Code Sec. 4117.05 (Supp.1986). Under Ohio law, the LTA must "fairly represent" all the teachers and may collect a "fair-share fee," not to exceed the amount of members' dues, from non-members. Ohio Rev.Code Secs. 4117.09(C), 4117.11(B)(6) (Supp.1986). Additionally, a rebate procedure must be provided to insure that non-union teachers' fees are not used to support "partisan politics or ideological causes not germane to the work of employee organizations in the realm of collective bargaining." Ohio Rev.Code Sec. 4117.09(C).
 
 
 3
 In this case, the fee charged to non-members is equivalent to the fee charged to members. The agency fees involved are collected pursuant to a collective bargaining agreement between the LTA and the School Board which provide for the School Board to deduct agency fees from the teachers' salaries. The School Board forwards the funds to the LTA which in turn forwards some of the funds to the OEA.
 
 
 4
 The plaintiffs initiated a suit pursuant to 42 U.S.C. Sec. 1983 alleging the procedures provided to them in connection with the collection of their agency fees did not adequately safeguard their first amendment rights because they did not comport with the constitutional requirements espoused in Chicago Teachers Union Local No. 1 v. Hudson, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). On November 12, 1986, plaintiffs sought a temporary restraining order to prevent the School Board from deducting agency fees from their salaries until the defendant showed that they complied with the procedures established in Hudson. On November 14, 1986, before the district court could rule on this motion, the School Board deducted a periodic agency fee payment from the plaintiffs' salaries which it eventually turned over to the LTA.
 
 
 5
 At the time the November 14, 1986, deduction was made, the plaintiffs had not been given formal notice of the "rebate" procedure, formal notice of an opportunity to object, or any independently audited financial disclosure indicating how the union spent the agency fee money. On November 24, 1986, the plaintiffs' motion for a temporary restraining order was granted, and all collection of agency fees was enjoined. An evidentiary hearing on the plaintiffs' motion for a preliminary injunction was held on December 1, 1986.
 
 
 6
 The district court ruled on the plaintiffs' motion for a preliminary injunction on December 17, 1986. The court noted that "the defendant union's failure to comply even minimally with the notice procedural safeguard outlined in Hudson makes it appear likely that the unions will be found to have violated the plaintiffs' first amendment rights," and decided that it would enjoin the collection of all agency fees unless the School Board set up an interest-bearing escrow account for the fees to be placed in pending the decision on the merits of the plaintiffs' case. On December 22, 1986, an escrow account was set up by the School Board and thereafter the Board began deducting agency fees equal to 100% of members' fees from the non-member teachers' salaries. On January 22, 1987, the plaintiffs' motion to stay the district court's order and issue an injunction pending an appeal from the district court's order was denied.
 
 
 7
 On February 5, 1987, the district court granted the defendants' motion to continue the trial on the merits. In its order, the court stated, "For good cause shown and upon the agreement of the defendants that no further payroll deductions will be taken from plaintiffs Lowary and Wyatt until this matter has been tried and decided, the trial in this matter is hereby continued until further order from this Court." Thereafter, no deductions of agency fees have been taken from the plaintiffs' salaries.
 
 II.
 
 8
 Initially we must address the defendants' assertion that this appeal should have been dismissed as moot because the plaintiffs have obtained all the relief they sought since the fair-share fees are no longer being deducted from their salaries. If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed. DeFunis v. Odegaard, 416 U.S. 312, 316-17, 94 S.Ct. 1704, 1705-06, 40 L.Ed.2d 164 (1974). The mootness doctrine is equally applicable to an appeal challenging the propriety of preliminary injunctive relief. University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Clearly, the plaintiffs sought to obtain a determination that the district court should have enjoined the defendants from further collection of agency fees. However, the plaintiffs' assertion that impliedly they sought the return of funds collected under the district court's order allowing the escrow plan is well taken. If it is determined that the district court did improperly fail to enjoin the collection of all agency fees, the plaintiffs would be entitled to have the funds collected pursuant to that improper order returned. The Supreme Court has recognized that even if the primary relief sought has been obtained, if secondary relief sought has not been obtained, that portion of the case related to the secondary relief is not moot. Camenisch, 451 U.S. at 394, 101 S.Ct. at 1833. Therefore, we find that this appeal is not moot.[1]
 
 III.
 
 9
 On review of the grant or denial of a preliminary injunction, this court's role is to determine whether the district court abused its discretion. Christian Schmidt Brewing Co., v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.), cert. dismissed, 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985). A district court abuses its discretion when it improperly applies the law or uses an erroneous legal standard. Id. The plaintiffs contend that the district court's failure to enjoin the collection of all agency fees is contrary to the Supreme Court's decision in Hudson.
 
 
 10
 The constitutionality of a public employer designating a union as the exclusive bargaining representative of its employees, and requiring non-union employees, as a condition of employment, to pay a fair share of the expenses of managing the collective bargaining agreement, is well settled. Abood v. Detroit Bd. of Educ., 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). It is equally clear that non-union employees have a first amendment right to "prevent the Union's spending a part of their required service fees to contribute to political candidates and to express political views unrelated to its duties as exclusive bargaining representative." Hudson, 475 U.S. at 302, 106 S.Ct. at 1073 (quoting Abood, 431 U.S. at 234, 97 S.Ct. at 1799). In Hudson, the Supreme Court set forth procedural safeguards designed to insure that fair-share fee collection procedures were "carefully tailored to minimize the infringement" upon non-union members' first amendment rights. Id. 475 U.S. at 303, 106 S.Ct. at 1074.
 
 
 11
 Hudson set forth three constitutional criteria which a fair-share collection plan must meet. First, the procedure must include a "procedure which will avoid the risk that [nonmembers'] funds will be used, even temporarily, to finance ideological activities unrelated to collective bargaining." Id. at 305, 106 S.Ct. at 1075 (quoting Abood, 431 U.S. at 244, 97 S.Ct. at 1804 (concurring opinion)). Second, the plan must provide "nonmembers with[ ] adequate information about the basis for the proportionate share." Id. at 306, 106 S.Ct. at 1075; Tierney, 824 F.2d at 1503. Third, the procedure must "provide for a reasonably prompt decision by an impartial decisionmaker." Hudson, 475 U.S. at 307, 106 S.Ct. at 1076.
 
 In Tierney, this Circuit decided that:
 
 12
 no union or employer may take any action to enforce a non-union member's duty to pay any dues, whether through a deduction from wages or payment from wages already paid, until a plan with procedures meeting the commands of Abood and Hudson is established and operating.
 
 
 13
 824 F.2d at 1504. Today, we find that once a non-union member has objected to the current procedures in place for the collection of fair-share fees on the ground that these procedures do not satisfy the constitutional requirements set forth in Hudson, and the district court has found it likely that the procedures will be found, on the merits of the case, to violate Hudson, it constitutes an abuse of discretion for the court to allow fair-share fees to be collected even if the collected fees are placed in an escrow account. Such a remedy is contrary to the Supreme Court's decision in Hudson as later interpreted by this court in Tierney.
 
 IV.
 
 14
 Accordingly, we REVERSE the district court's order allowing the fair-share fees to be collected and placed in the escrow account. Likewise, the escrow account is to be disbanded and the fees previously placed therein remitted to the plaintiffs.
 
 
 
 [1]
 We are also aware of the fact that the plaintiffs' underlying case has been heard on the merits and the district court has found the defendants' rebate plan unconstitutional. Lowary v. Lexington Local Bd. of Educ., No. C86-1536A, (N.D.Ohio October 21, 1987). However, the district court has not entered a final judgment pending its determination of an appropriate remedy. The escrow account has not been terminated and the plaintiffs' funds in that account have not been returned to them. Therefore, we believe that the district court's order does not moot the issues presented in this appeal