**Mary A. HOHE, et al., Plaintiffs,**

v.

**Robert P. CASEY, Governor, et al., Defendants.**

**Civ. A. No. 1:CV–88–1348.**

United States District Court, M.D. Pennsylvania.

Sept. 14, 1992.

Thomas A. Beckley, Charles O. Beckley, John G. Milakovic, Beckley & Madden, Harrisburg, Pa., Milton L. Chappell, Raymond J. LaJeunesse, Glenn M. Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, Va., for plaintiffs.

Joseph S. Sabadish, Susan J. Forney, Office of Atty. Gen., Thomas Brian York, Chief of Litigation, Legal Office–Dept. of Public Welfare, Harrisburg, Pa., for defendants.

Elaine Williams, Kirschner, Walters & Willig, Philadelphia, Pa., John J. Sullivan, Kirschner, Weinberg & Dempsey, Washington, D.C., Alaine S. Williams, Willig, Williams & Davidson, Philadelphia, Pa., Richard Kirschner, Richard Kirschner & Associates, Washington, D.C., for defendant American Federation of State, County and Municipal Employees, Council 13.

Regina C. Reardon, A. Taylor Williams, Peter D. Walther, Philadelphia, Pa., for Robert J. Bray, Jr.

## MEMORANDUM

CALDWELL, District Judge.

Plaintiffs are members of a class of employees of the Commonwealth of Pennsylvania who do not belong to the state employees' union. The defendants are certain Commonwealth officials and Council 13, American Federation of State, County, and Municipal Employees, AFL–CIO ("Council 13" or the "Union"). This action is a constitutional challenge under *Chicago Teachers Union v. Hudson,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986), to Pennsylvania legislation imposing a fair share fee on nonunion employees of the Commonwealth. *See* section 2 of Act No. 84 of 1988, 71 P.S. § 575 (Purdon 1990). The case is here on remand from the Third Circuit which affirmed some of our rulings and reversed others. *See Hohe v. Casey,* 956 F.2d 399 (3d Cir.1992) (*Hohe II*). We are considering plaintiffs' motion for partial summary judgment and for a preliminary injunction. Our discussion assumes familiarity with the background to this litigation found in *Hohe II.*

Plaintiffs seek the following declaratory relief: (1) that section 2(g) of Act 84 facially violates the first and fourteenth amendments "because it requires nonunion public employees to submit challenges to the propriety of fair share fees to final and binding arbitration"; and (2) that the Commonwealth defendants and Council 13 violated the plaintiffs' first and fourteenth amendment rights by failing to provide the plaintiffs and other nonunion employees "notice that provides them with sufficient information to gauge the propriety of the portion of the fair share fee allocated to AFSCME Council 13's local affiliates." (plaintiff's motion at pp. 1–2).

The first request for declaratory relief is based on the Third Circuit's discussion in *Hohe II* of the plaintiffs' challenge to the facial validity of section 575(g). Subsection (g) provides that a challenge made under subsection (e)(1) "shall be resolved along with all similar challenges by an impartial arbitrator...." Subsection (e)(1) permits challenges to the "propriety of the fair share fee." Concluding that the latter phrase includes challenges to the constitutionality of the fee, the Third Circuit held that subsection (g) was unconstitutional because it required nonunion employees to submit constitutional challenges to arbitration before seeking relief in court. It was therefore contrary to *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73

L.Ed.2d 172 (1982), which held that exhaustion of nonjudicial remedies was not required before filing a 42 U.S.C. § 1983 action.

The second request for declaratory relief is based on the Third Circuit's rejection of the "local presumption." Council 13 gives a certain portion of its dues to local unions affiliated with it. In calculating the portion of the locals' expenditures chargeable to nonunion employees, it assumed that the percentage of the locals' expenditures on chargeable expenses was at least as great as Council 13's.[1] We denied the plaintiffs' attack on the use of the presumption, *see* 695 F.Supp. 814, 818–19 (M.D.Pa.1988); 740 F.Supp. 1092, 1095–96 (M.D.Pa.1989), but the Third Circuit reversed, stating:

> By making the assumption and offering no explanation or justification for it, Council 13 failed to provide nonmembers with any information identifying the major categories of expenses of the affiliated locals....
>
> We conclude that the notice sent by Council 13 left nonmembers in the dark about the portion of the fee attributable to chargeable expenses and placed them in the position of having to object to obtain the information needed to gauge the propriety of the fee. Thus, we believe that the notice sent by Council 13 failed to meet the constitutional standard set forth in *Hudson.*

956 F.2d at 410–11.

■ The Commonwealth defendants have no objection to the declaratory relief sought by plaintiffs. Council 13, however, argues that the Third Circuit has already decided these issues and that the plaintiffs' attempt to obtain declaratory relief on remand violates the doctrine of the law of the case. In its view, the plaintiffs are improperly trying to relitigate issues already decided on appeal. We do not agree with this argument.

As noted by plaintiffs, they are not attempting to relitigate issues already decided by the appellate court. Rather, they are attempting to implement that court's decision by obtaining an order for declaratory relief consistent with the appellate rulings. Further, we must note here that the Third Circuit's mandate did not grant any affirmative relief; it merely remanded the action to us for further proceedings consistent with its opinion. Undoubtedly then, the plaintiffs are entitled to an order effectuating the victories they achieved on appeal.

We must disagree, however, with the language of the proposed declaration submitted by the plaintiffs in connection with subsection (g). Plaintiffs would have us declare that subsection unconstitutional because its second sentence requires objecting nonunion employees to submit their claims to binding arbitration. The Third Circuit, however, specifically refused to address this issue, concluding that the entire subsection was unconstitutional because the first sentence requires an objector to exhaust nonjudicial remedies. 956 F.2d at 409. We will issue a declaration consonant with the Third Circuit's holding.

■ Based on the Third Circuit's conclusion that the notice to nonunion employees did not provide them with sufficient information on the expenses of the locals, the plaintiffs also seek, pursuant to Fed. R.Civ.P. 65, a preliminary injunction against continued collection of the local portion of the fair share fee and restitution of the local portion already collected. The plaintiffs want this injunction to remain in effect until Council 13 adopts a notice that provides sufficient information to assess the propriety of the local portion of the fair share fee. The Union has used the same notice for all the years at issue in this litigation, beginning with the first fiscal year following passage of the Act, 1988–89,

---

1. As noted by the Third Circuit, in quoting *Lehnert v. Ferris Faculty Ass'n,* — U.S. —, —, 111 S.Ct. 1950, 1959, 114 L.Ed.2d 572, 589 (1991), a chargeable expense "must (1) be 'germane' to collective-bargaining activity; (2) be justified by the government's vital policy interest in labor peace and avoiding 'free riders'; and (3) not significantly add to the burdening of free speech that is inherent in the allowance of an agency or union shop." *Hohe II,* 956 F.2d at 408.

and subsequent fiscal years, 1989–90, 1990–91 and 1991–92.

Some additional facts important to the resolution of this part of the plaintiffs' motion are as follows. While the action was being litigated in this court previously, Council 13 had escrowed all of the fair share fees. However, subsequent to our determination that the procedures used essentially complied with *Hudson,* and after the arbitrator had approved the manner in which the fee had been calculated for 1988–89, the fees in escrow were released to Council 13. Thereafter, and prior to the Third Circuit's decision in *Hohe II,* only the fees of objecting nonunion employees were escrowed and then only until the arbitrator had ruled on the objections.

After the Third Circuit invalidated the local presumption, Council 13 calculated the total amount of the fair share fee attributable to the local portion of the fee and placed all past contributions based on the local share, totalling $2,205,624, in an escrow account. The Union has also begun putting into that account its current collection of the local portion of the fair share fee.

In support of their request for injunctive relief, the plaintiffs have cited *Weaver v. University of Cincinnati,* 942 F.2d 1039 (6th Cir.1991); *Lowary v. Lexington Local Board of Education,* 854 F.2d 131 (6th Cir.1988) (*Lowary I*); *Tierney v. City of Toledo,* 824 F.2d 1497 (6th Cir.1987), and *Dean v. Trans World Airlines, Inc.,* 924 F.2d 805 (9th Cir.1991) (following Sixth Circuit case law).[2]

We have no doubt that, if these cases controlled our decision here, we would have to grant the requested relief. *Lowary I* is illustrative. In that case, the district court, despite finding that the union's procedures probably violated *Hudson,* denied a preliminary injunction in a fair share fee case on the basis that an escrow account established by the union adequately protected the nonunion employees' first amendment rights. On appeal, the Sixth Circuit reversed, stating:

In *Tierney,* this Circuit decided that:

no union or employer may take any action to enforce a non-union member's duty to pay any dues, whether through a deduction from wages or payment from wages already paid, until a plan with procedures meeting the commands of *Abood* [*v. Detroit Bd. of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977) ] and *Hudson* is established and operating.

824 F.2d at 1504. Today, we find that once a non-union member has objected to the current procedures in place for the collection of fair-share fees on the ground that these procedures do not satisfy the constitutional requirements set forth in *Hudson,* and the district court has found it likely that the procedures will be found, on the merits of the case, to violate *Hudson,* it constitutes an abuse of discretion for the court to allow fair-share fees to be collected even if the collected fees are placed in an escrow account. Such a remedy is contrary to the Supreme Court's decision in *Hudson* as later interpreted by this court in *Tierney.*

854 F.2d at 134–35.

On the same basis, the Sixth Circuit has also required a rebate of fees already collected when a constitutionally adequate procedure was not in place. *Id.* at 135. *See also Gillespie v. Willard City Board of Education,* 700 F.Supp. 898, 905 (N.D.Ohio 1987).

We, however, are bound by Third Circuit law, not Sixth Circuit law. As the defendants have pointed out, the Third Circuit would not require an injunction in these circumstances. The answer is found in *Hohe v. Casey,* 868 F.2d 69 (3d Cir.1989) (*Hohe I*), the plaintiffs' appeal in this action from our denial of their first request for a preliminary injunction. The Third Circuit affirmed our ruling. In doing so, the court first noted the well established requirement that an injunction can only be granted when the movants show both irrep-

---

**2.** They also cited *Grunwald v. San Bernardino City Unified School District,* 917 F.2d 1223 (9th Cir.1990), but that opinion was withdrawn. *See* 965 F.2d 804 (9th Cir.1992).

arable injury and a likelihood of success on the merits. It then concluded that the first amendment interest identified in *Hudson* was adequately protected by an escrow of the disputed amounts. It stated:

> The First Amendment interest protected by *Hudson's* requirements is the non-members' "interest in not being compelled to subsidize the propagation of political or ideological views that they oppose." *Hudson*, 475 U.S. at 305, 106 S.Ct. at 1075; *See Andrews v. Educ. Ass'n of Cheshire*, 829 F.2d 335, 339 (2d Cir.1987). Since the Union has escrowed the entire amount of all fair share fees deducted, from non-challengers as well as challengers, until disposition of the challenges by an impartial arbitrator, this interest is protected.

*Id.* at 72 (footnote omitted).

The court went on to reject the notion that the violation of constitutional rights automatically amounts to irreparable injury. Referring specifically to the first amendment, it stated that irreparable harm must be shown by " 'a chilling effect on free expression,' " *id.* at 73 (quoting *Dombrowski v. Pfister*, 380 U.S. 479, 487, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22, 29 (1965)), constituting governmental " 'suppression of speech.' " *Id.* (quoting *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir.1984)). An " 'incidental inhibition' " of first amendment rights would not suffice. *Id.* (quoting *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983)).

The court decided that the plaintiffs' first amendment interests fell on the latter side of the inquiry, rejecting their contention "that the mere deduction and collection of fair share fees from nonmembers' paychecks comprises constitutional harm of a magnitude requiring a preliminary injunction insofar as those nonmembers may be deprived of money they might use to support their own political, ideological, or other purposes." *Id.* at 73. It then concluded that the plaintiffs' remedy should consist of "restitution and/or monetary damages." *Id.*

*Hohe I* requires us to deny the current motion for injunctive relief. Unlike the Sixth Circuit in *Lowary I*, the Third Circuit refuses to equate a violation of the *Hudson* procedure with irreparable injury. It also believes that any first amendment interest of nonunion employees is adequately protected by an escrow of the disputed amount. As noted, Council 13 has escrowed all of the fair share fees attributable to the local portion of the fees. The plaintiffs have accordingly failed to establish irreparable injury here, one of the prerequisites for injunctive relief, and their motion must therefore be denied. *See also Price v. International Union*, 927 F.2d 88 (2d Cir.1991) (citing *Hohe I* in a case involving union shop fees under *Communications Workers v. Beck*, 487 U.S. 735, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988)).

We reach this conclusion in the face of various arguments made by plaintiffs that *Hohe I* can no longer guide us. To begin, the plaintiffs strongly imply that, unlike *Hohe I*, we are not dealing in the instant proceeding with a request for a preliminary injunction. They state that *"Hohe I* affirmed this court's denial of a *preliminary* injunction against the collection of fair share fees." (plaintiffs' reply brief at p. 7) (emphasis in original). They also point out that *Hohe I* was decided at a time when the constitutionality of the Union's fair-share-fee procedure had not been adjudicated; the Third Circuit did not reach the merits of the plaintiffs' claim but rested its denial of injunctive relief on the failure to show irreparable injury. Conversely, in *Hohe II* the court of appeals did find that the procedure was constitutionally deficient in its notice concerning the use of the local presumption. Further, this finding of unconstitutionality, in conjunction with several statements in *Hohe II* supporting injunctive relief, supposedly requires us to follow *Weaver, supra*, and *Lowary I, supra*.

Those statements include the Third Circuit's expressions that "withholding funds violates the nonmembers' constitutional rights" when the union's procedures do not comply with *Hohe II*, 956 F.2d at 405, that "a court may enjoin the deduction of fees upon a proper showing by nonmembers,"

956 F.2d at 411, and that "the Commonwealth ... may be enjoined from imposing the fair share fees on nonmembers when it is determined that the exclusive representative has not complied with the constitutional requirements." *Id.* Most significant is the citation to and agreement with *Tierney, supra,* and *Dean, supra,* that "the employer and the union must have a constitutional procedure in place *before* deducting fees." 956 F.2d at 406 (emphasis in original). For the plaintiffs, all of this means that *Hohe II* overrides *Hohe I* and requires us to grant injunctive relief.

We must first state our disagreement with the plaintiffs' implication, if we are reading their somewhat oblique argument correctly, that we are not now dealing with a motion for a preliminary injunction. It is true that this case was appealed to the Third Circuit and is now here on remand but, prospectively, that does not destroy the preliminary nature of the relief the plaintiffs are seeking, which is an immediate injunction pending final disposition of the matters remanded to us by the Third Circuit.

Thus, procedurally we are in the same position as the Third Circuit in *Hohe I,* which reiterated the need to satisfy the well established standard for the issuance of a preliminary injunction (including a showing of irreparable injury), and held that the first amendment interest of the plaintiffs here is not irreparably injured when the amount in dispute has been escrowed. *Accord Hudson v. Chicago Teachers Union,* 708 F.Supp. 961, 963 n. 3 (N.D.Ill.1989).

Additionally, *Hohe II* is not in conflict with *Hohe I.* First, if *Hohe II* had had some substantive impact on *Hohe I,* the court in *Hohe II* would have mentioned it. Second, the approval given by *Hohe II* to injunctive relief must be understood in context. The court in *Hohe II* was not dealing with preliminary injunctive relief but with the merits of the plaintiffs' claim concerning the adequacy of Council 13's *Hudson* procedure and what would be an appropriate remedy. Obviously, if we must ultimately decide that the Union has not pro-

vided a constitutional procedure for testing the propriety of the fair share fee, we would have to issue injunctive relief against collection of the fee, but that is an issue separate from the appropriateness of interlocutory relief.

Another consideration on the relationship between *Hohe II* and *Hohe I* is that, in the face of its conclusion that the notice involving the local presumption was inadequate, the Third Circuit in *Hohe II* did not remand with instructions to enjoin further collection of the fee attributable to the locals, but merely with instructions that we fashion an appropriate remedy. We do not believe that the court would have so ordered if it felt an injunction was appropriate, since it cited *Tierney* and *Dean* in its opinion for another issue. Additionally, as the Commonwealth defendants point out, the Third Circuit elsewhere in its opinion did discuss at length our error in attempting to fashion a remedy on the verification issue, stressing that the proper remedy was limited to nominal damages and did not include actual damages as well. Thus, if it believed that injunctive relief was a clearly appropriate remedy for the plaintiffs on remand, we are confident that it would have instructed us to issue the injunction. *Compare Tierney* (remanding to the district court with instructions to enjoin further collection of the fair share fee until constitutional procedures were in place).

The exact nature of the Third Circuit's ruling on the local presumption must be kept in mind. The court only concluded that the notice was inadequate because it did not provide nonunion employees with sufficient information to gauge the propriety of the fee by including, among other things, the reasons why Council 13 felt justified in using the local presumption. 956 F.2d at 410. The court did not conclude that the local portion of the fair share fee inaccurately collected for nonchargeable items. Indeed, the court remanded the case to us so that we could determine "whether the percentage amount Council 13 assumed its affiliate locals spent for chargeable items is accurate." 956 F.2d at 416.

Under these circumstances, the relief sought by plaintiffs against collection of the *entire* portion of the fair share fee would undoubtedly deprive Council 13 of fees to which it is entitled since there has not yet been any determination of the accuracy of the local portion of the fee nor, significantly, have plaintiffs in this motion attempted to show that it was inaccurate, relying instead simply on the inadequate notice. It may turn out that the entire local portion of the fee is chargeable. In *Hohe I,* the Third Circuit was not receptive to the issuance of broad injunctions granting interim relief in fair-share-fee cases. *See* 868 F.2d at 73–74.

We must also be practical. Without a determination of the accuracy of the fee, if we were to return the entire local portion to the nonunion employees and prohibit ongoing collection, it may later turn out that the Union would have to seek recoupment of fees to which it was entitled. Even the Sixth Circuit would not deny recoupment. *See Lowary v. Lexington Local Board of Education,* 903 F.2d 422, 433 (6th Cir.1990) (*Lowary II*). Since Council 13 has provided an escrow for all of the local portion, which the Third Circuit has decided adequately protects the plaintiffs' first amendment rights, it is administratively more convenient to wait until the parties have litigated whether the Union has, in fact, improperly collected money from the plaintiffs. If so, it will be simpler to require Council 13 to rebate the funds rather than have it attempt to recoup them.

As alternative relief, the plaintiffs have requested nominal damages of $1.00 each for the inadequate notice involving the local presumption. The defendants have not opposed nominal damages, but they have not specified whether damages are appropriate for each of the four years that the notice was used. We agree with the plaintiffs that they are entitled to nominal damages for each of these years since the defective notice in each year would constitute a separate injury. We will grant this

relief as part of any final order we enter in this matter.

■ We also agree with the plaintiffs that interest should be available to them. Unlike them, however, we do not believe that interest is payable on the entire amount of the local portion of the fee collected while the inadequate notice was being used. Under *Ellis v. Railway Clerks,* 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984), plaintiffs would be entitled to interest but only on that portion of the fee "illegally held for a period of time." *Id.* at 442, 104 S.Ct. at 1889, 80 L.Ed.2d at 438. The portion illegally held would be that part attributable to nonchargeable items.

We will issue an appropriate order.[3]

## ORDER

AND NOW, this 14th day of September, 1992, upon consideration of plaintiffs' motion for partial summary judgment and for injunctive relief, it is ordered that:

1. The request for injunctive relief is denied.

2. It is hereby declared, pursuant to 28 U.S.C. § 2201, that section 2(g) of Pennsylvania Act No. 84–1988, 71 P.S. § 575(g) (Purdon 1990), is unconstitutional on its face under the first and fourteenth amendments to the United States Constitution because it requires nonunion public employees to exhaust nonjudicial remedies before bringing challenges to the propriety of fair share fees in court.

3. It is hereby declared, pursuant to 28 U.S.C. § 2201, that, in deducting fair share fees from the wages of plaintiffs and the class members, defendant officials of the Commonwealth of Pennsylvania and defendant Council 13 violated rights guaranteed to class members by the first and fourteenth amendments to the United States Constitution because Council 13, in using the presumption that affiliated, local unions' percentage of chargeable expenses was at least as great as Council 13's, did not give plain-

---

**3.** We also agree with plaintiffs that their right to attorney's fees and costs has not been previously litigated and should be resolved at a later stage of these proceedings.

tiffs and other class members notice providing them with sufficient information to gauge the propriety of the portion of the fair share fee allocated to Council 13's local affiliates.